**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER, a membership organization; UNDOCUBLACK NETWORK, a membership organization; DAVID KROMA; MOMOLU BONGAY; OTHELLO A.S.C. DENNIS; YATTA KIAZOLU; CHRISTINA WILSON; JERRYDEAN SIMPSON; C.B., AL. K., D.D., D.K., AI. K., AD. K. by and through their father and next friend DAVID KROMA; O.D., and A.D., by and through their father and next friend OTHELLO A.S.C. DENNIS; J.S. by and through his mother and next friend JERRYDEAN SIMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KEVIN MCALEENAN, Acting Secretary of the Department of Homeland Security in his official capacity, <br><br> Defendants. | Civil Action No. 19-cv-10432-TSH |

**REPORT OF PARTIES' PLANNING MEETING AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and Rule 16.1(d) of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiffs African Communities Together, et al. and Defendants Donald J. Trump, et al. hereby submit this Report of Parties' Planning Meeting and Discovery Plan.

1

1. **Date of Rule 26(f) Conference:**

    The Parties conferred telephonically pursuant to Fed. R. Civ. P. 26(f) on June 6, 2019.

2. **Parties or Counsel Who Participated in Conference:**

    Plaintiffs' Counsel: Michael A. Losco (Dechert LLP); Dennis Hranitzky (Dechert LLP); Oren Nimni (Lawyers for Civil Rights); Dorian Spence (Lawyers' Committee for Civil Rights Under Law).

    Defendants' Counsel: Joshua Kolsky (United States Department of Justice).

3. **Discussion of Claims, Defenses, and Relevant Issues**

    **Plaintiffs' Summary of the Case:** This is an action involving violations of the Constitutional rights of Liberian Deferred Enforced Departure ("DED") holders and their U.S. citizen children. DED provides immigration relief and protection to foreign nationals whose countries of origin have experienced war, civil unrest, natural disasters, or public health crises. The DED program for Liberian citizens was initially established in 1999 for a period of one year because of an ongoing armed conflict in Liberia. Several presidential administrations then extended the Liberian DED program several times, with the final extension occurring on September 26, 2016, when President Barack Obama extended the program until March 31, 2018.

    On March 27, 2018, Defendant Trump released a presidential memorandum directing DHS to terminate DED effective March 31, 2019. On March 28, 2019, facing pressure from politicians and the Liberian community, Defendant Trump's administration

announced that it would extend the "wind down" period for the expiration of Liberian DED for another year, until March 31, 2020. Despite the extended deadline, Defendant Trump's imminent termination of DED for Liberians violates the rights of Liberian DED holders and their U.S. citizen children under the U.S. Constititon. Plaintiffs are seeking declaratory relief, injunctive relief, attorneys fees and costs, and any other necessary and appropriate relief.

**Defendants' Summary of the Case:** In this case, Plaintiffs attempt to control how the President should exercise his discretionary constitutional authority over United States foreign policy. In March 2018, the President exercised such authority when he determined that conditions in Liberia no longer warranted the authorization of DED, which is essentially a foreign policy based exception to the normal enforcement of immigration laws. The President nevertheless permitted a one-year wind-down period for DED and later extended that wind-down period for another year. Defendants disagree with Plaintiffs' contentions that the President's decisions were unconstitutional or otherwise unlawful in any respect.

As discussed in Defendants' Motion to Dismiss the Amended Complaint, filed July 1, 2019, Plaintiffs failed to plead violations of law and the Court lacks jurisdiction over Plaintiffs' claims. Defendants urge the Court to dismiss this action either for lack of subject matter jurisdiction or with prejudice on its merits.

**Plaintiffs' Statement Regarding Discovery:** Plaintiffs assert that discovery should proceed as contemplated by Fed. R. Civ. P. 34 and should not be stayed pending the resolution of Defendants' Motion to Dismiss the Amended Complaint. Although it is within the Court's discretion whether or not to stay discovery during the pendency of a

motion to dismiss, it is not appropriate to do so in light of the compressed timetable of this action and the severity of the harms Plaintiffs face.

Compounding the urgency of commencing discovery, Defendants indicate that they will move for summary judgment if they do not prevail on their pending motion to dismiss. The lengthy briefing required to resolve a summary judgment motion will further erode the limited time Plaintiffs have until the scheduled termination of DED.

Furthermore, Defendants indicate that they will challenge Plaintiffs' discovery requests based on the alleged applicability of the presidential communications privilege and the deliberative process privilege. Defendants contemplate related motion practice, indicating that they "are prepared to more fully brief these questions at an appropriate time." Plaintiffs do not concede that any of their requested documents are protected by the aforementioned privileges but are willing to brief the issues more thoroughly as the Court deems necessary. The briefing of these issues will take time, pushing the Parties ever closer to the scheduled termination of DED.

In light of the urgency of Plaintiffs' claims and the gravity of the consequences should they fail to obtain timely relief, Plaintiffs assert that the appropriate exercise of the Court's discretion is to move forward with discovery. In any event, Plaintiffs submit that the Court should order Defendants to begin collecting responsive documents during the resolution of the motion to dismiss and that Defendants should be prepared to produce them promptly should their motion fail. Defendants should also prepare and be ready to present promptly any privilege claims should their motion fail.

**Defendants' Statement Regarding Discovery:** Defendants strongly disagree that there should be any discovery in this case, particularly not at this early stage of the

litigation. The Supreme Court has made clear that claims, such as these, challenging the President's discretionary authority over foreign affairs are subject to a highly discretionary standard of review. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2418-2420 (2018). Discovery would inappropriately expand the "circumscribed judicial inquiry" envisioned by the Supreme Court. *Id*. at 2419. Moreover, Plaintiffs' intent to conduct burdensome discovery of the White House is not justified in light of the weighty separation-of-power concerns that such discovery would trigger. *See Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367, 383 (2004). Additionally, the intended discovery goes to the very core of Presidential decisionmaking and is therefore precluded by the presidential communications privilege and the deliberative process privilege. Lastly, Plaintiffs' claims, although constitutional in nature, would be treated as claims under the Administrative Procedure Act where discovery is not appropriate. *See* 5 U.S.C. § 706(2)(B); *see also Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1237–38 (D.N.M. 2014); *Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993). Accordingly, Plaintiffs are not entitled to discovery on these claims.

Even if the Court were to allow discovery in this case, at the very least, discovery should be stayed while Defendants' Motion to Dismiss the Amended Complaint is pending, as that motion could resolve this litigation in its entirety. "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016); *see also See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Staying discovery pending

the outcome of a motion to dismiss is especially appropriate where, as here, that motion contains threshold challenges to the court's subject matter jurisdiction.

These are threshold issues with respect to the parties' discovery obligations, and Defendants are prepared to more fully brief these questions at an appropriate time.

**Other Scheduling Matters:** Defendants filed a motion to dismiss Plaintiffs' claims on July 1, 2019. Plaintiffs' deadline to oppose Defendants' motion to dismiss is July 26, 2019. Defendants intend to move for summary judgment under Federal Rule of Civil Procedure 56 if this case is not dismissed at the pleading stage.

**4. Amended Claims and Defenses**

Plaintiffs filed an Amended Complaint on May 28, 2019. Plaintiffs propose that no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed more than seven days following the completion of discovery. If the Court allows discovery in this case, Defendants propose that the deadline for motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses should be 30 days before the end of discovery to permit time for the parties to conduct discovery concerning the amended pleading.

**5. Initial Disclosures**

Plaintiffs sent Defendants their Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1) on March 21, 2019. As discussed above, Defendants believe there should be no discovery permitted in this case. Defendants therefore object to Plaintiffs' request that Defendants serve initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C).

6. **Formal Discovery**

**Plaintiffs' Position:** Plaintiffs request 90 days for discovery from today, July 10, 2019. All requests for production of documents and interrogatories must be served by July 17, 2019. Plaintiffs propose that discovery shall be completed by October 8, 2019 and that dispostive motions shall be filed by November 8, 2019.

Plaintiffs' view is that discovery need not be conducted in phases or be limited to or focused upon particular issues. At this time, Plaintiffs do not propose any limitations on discovery beyond those currently imposed under the federal rules or by local rules, but respectfully reserve the right to seek such a limitation should conditions later so warrant.

**Defendants' Position:** As discussed above, Defendants believe there should be no discovery permitted in this case, particularly not while Defendants' motion to dismiss is pending. But to the extent that the Court authorizes discovery in this case, Defendants believe it is premature to allocate a particular amount of time for discovery. Instead, the Parties should revisit the issue if the Court does not grant in full Defendants' motion to dismiss. At this time, the Parties do not know which claims, if any, will survive the motion to dismiss and they do not know what discovery, if any, may be ordered by the Court. Accordingly, it is not possible to predict the amount of time that may potentially be needed for any discovery that the Court may or may not authorize. Likewise, Defendants propose that the parties revisit questions such as whether discovery should be limited to certain issues only if the Court authorizes discovery.

7. **Electronic Discovery**

The Parties discussed electronic discovery and do not anticipate any issues. To the extent discovery may be authorized by the Court, the Parties will exercise good faith in retrieving electronic discovery to the extent electronically stored information is relevant to the litigation and the discovery requests of the Parties. The Parties agree to submit electronic documents in a TIF image, Bates stamped format to the extent possible. Each party shall produce Excel files in native format. After discovery requests have been served, the Parties will confer as soon as practicable and endeavor to agree on best processes for electronic discovery to avoid unnecessary costs and burdensome requests and fulfill all necessary discovery.

The Parties expect some privilege claims to arise as they relate to electronic discovery and the production of potentially confidential or privileged information. Plaintiffs propose that the authority cited by Defendants below does not relieve them of the obligation to provide a categorical privilege log for documents withheld on privilege grounds, in compliance with Fed. R. Civ. P. 26(b)(5)(A), Local Rule 34.1(e), and applicable law.

Defendants do not agree to produce a privilege log for documents within the possession, custody, or control of the White House or that contain White House equities. *See Cheney*, 542 U.S. at 383, 388 (White House should not bear the initial burden of invoking executive privilege with specificity or making particular objections to discovery on a line by line basis in order to safeguard executive functions).

8. **Expert Witness Disclosures**

The Parties do not anticipate calling expert witnesses at trial at this time. If this changes, the Parties will notify the Court and request deadlines for expert witness discovery.

9. **Witness Lists**

**Plaintiffs' Position:** Preliminary witness lists shall be filed and served on or before January 6, 2020. The Parties shall in good faith identify on this witness list those persons that they reasonably expect to call at trial. Final witness lists shall be filed and served pursuant to Fed. R. Civ. P. 26(a)(3)(B). Notwithstanding the close of discovery, as set out below, the Parties shall be allowed to depose any person appearing on the opposing Parties' final witness list who is not listed on the Parties' preliminary witness list, subject to the limitations of Fed. R. Civ. P. 30(a)(2).

**Defendants' Position:** This case should be resolved at the pleading stage or, alternatively, on cross motions for summary judgment. The case is not suitable to trial. If there is to be a trial, however, deadlines relating thereto should be determined after the Court's summary judgment rulings.

10. **Depositions**

Plaintiffs anticipate taking 10 depositions. Plaintiffs propose that all depositions must be completed by October 8, 2019.

Defendants do not currently anticipate taking depositions, although note the potential need for a small number of depositions on jurisdictional matters.

**11. Early Settlement or Resolution**

The Parties have indicated that they are not willing to discuss settlement at this time.

**12. Trial**

A date certain is not requested at this time; however, Plaintiffs request that the hearing be held prior to March 21, 2020, given the time sensitivity of the expiration of the DED program.

Plaintiffs estimate that the length of trial will be between 5 and 7 days. Defendants disagree that a trial is appropriate in this case.

The Parties do not presently consent to proceed before a Magistrate Judge for final disposition.

**13. Other Matters**

Plaintiffs request that the Court convene a telephonic scheduling conference pursuant to Fed. R. Civ. P. 16 and LR 16.1(a). As of this filing, Plaintiffs' counsel are available on the following dates (all times ET):

- Monday, July 15: 9:00 am - 5:00 pm
- Wednesday, July 17: 9:00 am - 12:00 pm and 1:30 - 3:00 pm
- Thursday, July 18: 9:30 am - 2:30 pm
- Friday, July 19: 9:00 am - 5:00 pm
- Monday, July 22: 9:00 am - 2:00 pm
- Tuesday, July 23: 9:00 am - 2:00 pm

- Wednesday, July 24:  9:00 am - 2:00 pm

Defendants believe that a scheduling conference is premature at this time given that Defendants' Motion to Dismiss is pending.  Regarding the dates and times specified by Plaintiffs above, because the issue of a scheduling conference was not raised until this afternoon, Defendants' counsel have not been able to determine, by the filing deadline for this report, the availability of all counsel who would participate in a scheduling conference.

**14. Rule 16.1(d)(3) Certification**

Counsel for each Party will separately file their respective certifications pursuant to LR 16.1(d)(3).

Respectfully submitted,

Dated:  July 10, 2019

*/s/ Timothy C. Blank*
Timothy C. Blank
DECHERT LLP
One International Place
100 Oliver Street, 40th Floor
Boston, MA 02110
Tel: (617) 728-7100
Fax: (617) 426-6567
timothy.blank@dechert.com

Dennis H. Hranitzky (*pro hac vice*)
Michael A. Losco (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel: (212) 641-5647
Fax: (212) 698-3500
dennis.hranitzky@dechert.com

Oren Nimni (BBO #691821)
Iván Espinoza-Madrigal (*pro hac vice*)
LAWYERS FOR CIVIL RIGHTS
61 Batterymarch Street, 5th Floor
Boston, MA 02110
Tel: (617) 988-0624
Fax: (617) 482-4392
onimni@lawyerscom.org

Dorian L. Spence (*pro hac vice*)
Maryum Jordan (*pro hac vice*)
LAWYERS' COMMITTEE FOR CIVIL
    RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel: (202) 662-8600
Fax: (202) 783-0857
dspence@lawyerscommittee.org

*Counsel for Plaintiffs*


JOSEPH H. HUNT
Assistant Attorney General

JOHN TYLER
Assistant Branch Director
Federal Programs Branch

/s/ *Joshua Kolsky*
JOSHUA KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 10, 2019.

*/s/ Timothy C. Blank*

Timothy C. Blank